## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE No.: 0:19-cv-60747-JIC-SELTZER

| | |
|---|---|
| MARCELO RODRIGUEZ, individually and on behalf of all others similarly situated, <br><br>        Plaintiff, <br><br> v. <br><br> ADVANTAGE OPCO, LLC d/b/a ADVANTAGE RENT A CAR and EUROPCAR INTERNATIONAL SASU d/b/a EUROPCAR <br><br>        Defendant. | **FIRST AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Marcelo Rodriguez (hereinafter, "Plaintiff"), individually and on behalf of the Classes defined below, alleges the following against ADVANTAGE OPCO, LLC d/b/a ADVANTAGE RENT A CAR ("Advantage") and EUROPCAR INTERNATIONAL SASU d/b/a EUROPCAR ("Europcar") based upon personal knowledge with respect to himself and on information and belief derived from, among other things, investigation of counsel and publicly available information as to all other matters:

## NATURE OF THE ACTION

1.     Plaintiff brings this class action case against Advantage and Europcar for baiting the consuming public into booking rental cars online for travel abroad at an agreed to price, and then requiring consumers to pay additional and undisclosed charges once at the rental counter abroad.

2.     This class action seeks to remedy Defendants' unfair, deceptive, and unconscionable business practices of requiring consumers to pay more than they bargained for.

3.     As a result of Defendants' wrongful actions, Plaintiff and members of the proposed Classes have been injured.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. There are more than 100 putative class members. And, at least some members of the proposed Classes have a different citizenship from Advantage or Europcar.

5.     This Court has personal jurisdiction over Defendants because they have availed themselves to Florida. Defendants strategically target and advertise to Florida consumers. Plaintiff booked his car rental from Advantage's website, which he was directed to via Defendants' joint webpage, while in Fort Lauderdale, Florida. Accordingly, Plaintiff's agreement with Defendants was formed in Florida. Moreover, Advantage maintains a principle place of business in Florida and both Defendants conduct business in Florida.

6.     Moreover, Europcar has substantial and not isolated business relationships in the State of Florida and in the United States by virtue of its strategic partnerships, joint ventures, and/or contractual relationships with Advantage and other various U.S. based entities, and it has engaged in substantial activity within Florida, including by virtue of renting cars within Florida, and has, therefore, subjected itself to the jurisdiction of the Courts of this State.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Advantage has a registered agent in this District and a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

### Plaintiff

8.      Plaintiff Marcelo Rodriguez ("Plaintiff) is a U.S. citizen with a residence in Florida at the time he booked. While in Fort Lauderdale, Plaintiff booked a Europcar vehicle through Advantage's website for his upcoming travel to Cancun, Mexico. Per Plaintiff's reservation, pickup of the vehicle was to be on Sunday, February 17, 2019 and drop off was on Tuesday, February 19, 2019. The total agreed to price for the vehicle reservation and taxes and fees was $13.99.  However, once abroad, Plaintiff was required to pay $79.72 for the car – 5.7 times more than the agreed to price at the time of booking and that Plaintiff anticipated paying. Additionally, Plaintiff was required to pay a $300.00 deposit on the spot before he could rent the car.

### Defendants

9.      Defendant Advantage is a corporation that was created under the laws of the State of Delaware and has its principal place of business in Orlando, Florida.

10.      Defendant Europcar is a foreign for-profit corporation. Based upon information and belief, Europcar was created under the laws of France and is French company.

11.      Plaintiff is informed and believes, and thereon alleges, that Defendants and their employees, subsidiaries, affiliates and other related entities, were agents, servants and employees of each other, and, each was acting within the purpose and scope of said agency and employment.

12.      Whenever referring to any acts or transactions of Defendants, such allegations shall be deemed to mean that the principals, officers, directors, employees, agents, and/or representatives of Defendants committed, knew of, performed, authorized, ratified and/or directed such act or transaction for Defendants while engaged in the scope of their duties.

## STATEMENT OF FACTS

13.     Advantage is one of the largest car rental companies in the United States ("U.S." In addition to providing locations in 44 of the nation's top travel markets, Advantage also offers locations throughout Europe, South America, and the world through its strategic partnership with Europcar.

14.     Advantage touts its ability to offer Europcar vehicles for booking through Advantage's website, making it easier to do business with Advantage. Europcar maintains a dedicated landing page on Advantage's website where Europcar advertises and promotes its deals and specials, and where Europcar vehicles can be booked. Europcar targets the U.S. international travel market through its partnership with Advantage, among other means.

15.     Likewise, Europcar is a global car rental company, and was founded in 1949. It operates in 140 countries with 3,835 rental locations worldwide. Europcar's global reach is due to its strategic alliances and partnerships with various companies, including U.S. based companies. On its website, Europcar touts that its partnership with Advantage in the U.S. allows consumers to enjoy the same rental experience in the U.S. that Europcar offers worldwide.

16.     U.S. consumers can book a Europcar through Advantage's website and through other online means, including through Europcar's own website and other car rental/travel websites, all of which targeted at U.S. consumers.

17.     Defendants, jointly and individually, are engaged in the systematic unfair practice of baiting U.S. consumers to book car rentals for travel abroad, and then switching the deal by imposing mandatory additional and undisclosed charges and other terms once abroad. These new charges and terms are sprung on consumers while they are in a foreign land, when they have just arrived on a plane, when they typically don't speak the foreign language, and have no bargaining

power whatsoever. While in this vulnerable position, and many times after the booking has become non-refundable, Defendants impose additional and not-previously agreed to charges and fees – and, if the consumer is unwilling to pay the fees, they risk being stranded in a foreign country and without their anticipated means of transportation.

18.    Defendants are both active participants in the "pay more or forfeiture" scheme.

19.    Advantage, on behalf of Europcar, (and/or Europcar through its own and other sites) hooks consumers into a reservation by baiting them with a competitive price, and then Europcar flips the script by switching up the terms after the fact.  All the while, Advantage and Europcar know the consumer will be required to pay more than was disclosed and agreed to, and Europcar knows that it requires consumers to pay more than was previously agreed.

20.    Upon information and belief, Defendants are both involved and have or had the right to control the nature and content of their joint Advantage/Europcar webpages and the total charges disclosed at the time of booking the reservation, including through an integrated reservation system. At a minimum, they acquiesced and otherwise ratified each other's conduct.

21.    Defendants are both participants in the consumer transactions with Plaintiff and members of the Classes. Defendants either jointly decided or were complicit in each other's conduct.

22.    Defendants acted as express and/or implied agents of one another in carrying out their strategic partnership and joint practice. At a minimum, Defendants ratified each other's conduct by continuing to engage in and profit from the other's deceptive and unfair practices despite having knowledge of same.

23.    Advantage could and should have instructed, directed, or otherwise resisted Europcar from charging more to customers than was disclosed on the reservation.

24.     Likewise, Europcar could and should have instructed, directed, or otherwise required Advantage and other travel sites to disclose all applicable charges and fees at the time of booking the reservation.

25.     Instead, Defendants agreed to the scheme to further their respective economic interests to the detriment of consumers. Defendants acted in concert, each carrying out their respective roles in the chain to carry out their scheme. Both Defendants have actual knowledge of, and participated in, the unlawful practices.

26.     Defendants have acted in concert to further their individual and joint ventures.

27.     Defendants are individually, and jointly and severally liable for each other's conduct and the resultant harm to Plaintiff and the Class.

28.     Defendants engaged in a civil conspiracy in that they agreed to the strategic partnership and the "pay more or forfeiture" scheme, and they each committed the overt acts described herein for purposes of furthering the conspiracy. Defendants' conspiratorial acts caused consumers to be misled and to pay more than they bargained for. Both Defendants had knowledge of the scheme and understood their mutual goals of extracting unjust profits from U.S. consumers.

29.     Additionally, and/or alternatively, Defendants acted in concert with one another. A concert of action between the Defendants occurred because there was an understanding between them, either expressly or tacitly, to participate in a common plan to deceive consumers. Each Defendant played their respective role in the wrongful conduct for their common benefit.

30.     Additionally, and/or alternatively, Defendants aided and abetted in each other's wrongful conduct. Advantage aided Europcar by failing to disclose the real price at the time of reservation, and Europcar aided Advantage by allowing it to expand its international market by soliciting and baiting consumers with bogus prices that Europcar knew about. Based on the above,

each Defendant was aware of the other's wrongful acts, and each gave substantial assistance or encouragement to one another.

31.     In Plaintiff's case, once abroad, and after his reservation was confirmed, he was required to pay $79.72 for his rental – 5.7 times more than the agreed to price! Additionally, Plaintiff was required to pay a $300.00 deposit on the spot before he could rent the car. Plaintiff was left with no choice but to comply with Defendants' demands. Although the deposit was eventually returned, it caused a severe hardship and inconvenience to Plaintiff as he was forced to have the emergency funds wired to him from family back home.  Further, as he was forced to sit at the rental location for hours waiting for funds to be wired from family members for the deposit, he watched as patron after patron looked confused and dejected as the bait and switch was revealed.

32.     Because the rental is generally non-refundable, and because other rental options have either gone up in price or have limited availability at the time additional and unsubstantiated charges are imposed on consumers, they are left with the choice of either paying an amount that was never agreed to or forfeiting their reservation (and fending for themselves for transportation in a foreign country), which is no choice at all – "Equity abhors a forfeiture."

33.     Defendants are engaged in a scheme that requires consumers to "pay more" as a condition to use the service they are already contracted for. The uniform "pay more or forfeiture" scheme was prepared, implemented, approved, and/or ratified by Defendants. Defendants know that consumers are uniformly offered one price which is confirmed at the time of booking and that additional charges are sprung on consumers once they are at the counter abroad.

34.     The "pay more or forfeiture" scheme was designed to entice consumers to pre-book their car rental before traveling abroad at a pre-determined rate, under the guise that the agreed upon rate was final, misleading Plaintiff and the Classes into booking the rental under unfair,

misleading, and unconscionable circumstances.

35.     Defendants' uniform and standard operational system was and is to offer Plaintiff and the Class a foreign car rental online at one price, and then, once at the counter abroad, force the consumer to "pay more or forfeiture" to receive the benefit of the agreed to price. Defendants' imposition of additional charges and terms after the fact is a "take it or leave it" adhesion contract.

36.     This "pay more or forfeiture" scheme constitutes a breach of Defendants' implied covenant of good faith and fair dealing and unjust enrichment under the laws of all 50 States.

37.     Defendants rely on hidden, unconscionable, and ambiguous provisions in their after the fact adhesion contract to justify imposing additional charges. Defendants misleadingly and impermissibly require consumers to choose between a compelled and calculated improper forfeiture or pay more than they bargained for.

38.     Defendants "pay more or forfeiture" scheme is an unfair business practice, against public policy, and thus constitutes an impermissibly compelled forfeiture and imposition of unconsented to charges.

39.     Moreover, irrespective of whether the reservation was booked and confirmed through Advantage's website, Europcar's website, or any other platform, Plaintiff's and the Classes' rental confirmation agreements were identical or functionally identical in their material terms in that they were all offered and confirmed a price that was less than, and that did not include, the additional charges and terms consumers were required to pay for and agree to at the time they picked up the vehicle abroad.  The systematic scheme is happening to United States citizens at Europcar locations throughout the world.

40.     Defendants' "pay more or forfeiture" scheme is unfair and unconscionable because it amounts to a contract of adhesion, with no opportunity for bargaining, and is presented at the

rental counter in a foreign land where the consumer has no choice but to comply. This practice is against public policy, lacks mutuality, and is completely one-sided in favor of Defendants.

41.     Consumer concern and frustration over Defendants' business practice is widespread on the internet and travel and review sites are replete with consistently negative reviews chronicling this abhorrent conduct.

42.     Upon information and belief, the European Commission and national consumer authorities confronted Europcar beginning as early as 2014 and continuing through at least 2019, regarding its "pay more or forfeiture scheme" and other similar conduct alleged herein. Accordingly, at all times material hereto, Europcar, and Advantage as its partner, were well aware of the consumer confusion, frustration, and monetary losses caused by this conduct, yet continued the practice.

43.     Defendants "pay more or forfeiture" practice is also unfair and unconscionable because the charges to be imposed when the car is picked up are not unambiguously or expressly disclosed or itemized on the reservation confirmation at the time of booking and when the total rental price is offered and agreed to by the consumer, it restricts Plaintiff and the Classes from using a service that they already bargained for, and it unjustly enriches and provides revenue and business to Defendants that consumers did not bargain to pay.

44.     Based on information and belief, Europcar has a systematic practice of requiring U.S. consumers to "pay more or forfeiture" their foreign car rentals irrespective of the booking website or platform.

45.     Plaintiffs and the Classes were duped into renting from Defendants as a result of the predatory, unconscionable, and unfair business practices of Defendants.

46.     Defendants' purposefully concealed and/or failed to disclose to consumers the

additional charges imposed at the rental counter to bait consumers to do business with Defendants and because full disclosure at the time of booking would or could significantly and negatively interfere with Defendants' solicitation to hook business.

47.     Because Plaintiff and the Classes did not know the true charges to be imposed, they lacked meaningful choice at the time of booking. Had they known about Defendants' "pay more or forfeiture" scheme, they would not have chosen to do business with Defendants and would have chosen a more cost-effective and transparent rental.

48.     Plaintiff is seeking damages individually and on behalf of the Classes in the amount of the additional charges paid by Plaintiff over and above the offered and agreed to rental rate.

49.     In addition, Plaintiff is seeking an Order declaring Defendants' business practice to be in violation of the FDUTPA and requiring Defendants to cease from engaging in its unfair and deceptive business practice of falsely promising one rate but then requiring payment of another.

## CLASS ALLEGATIONS

50.     Plaintiff seeks relief on behalf of himself and as representative of all others who are similarly situated. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3) and/or (c)(4), Plaintiff seeks certification of a Nationwide class defined as follows:

> All United States citizens who (1) booked a Europcar through Advantage's website for travel abroad and (2) were charged more for the rental than was reflected on their reservation.   (the "Nationwide                Advantage                Class").

51.     Pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3) and/or (c)(4), and in the alternative to claims asserted on behalf of the Nationwide Class, Plaintiff asserts claims under the laws of Florida, and on behalf of similarly situated persons, defined as follows:

> All persons residing in Florida who (1) booked a Europcar through Advantage's website for travel abroad and (2) were charged more

for the rental than was reflected on their reservation.   (the "Statewide Advantage Class").

52.     Alternatively, Plaintiff seeks relief on behalf of himself and as representative of all others who are similarly situated. Pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3) and/or (c)(4), Plaintiff seeks certification of a Nationwide class defined as follows:

> All United States citizens who (1) booked a Europcar for travel abroad and (2) were charged more for the rental than was reflected on their reservation.  (the "Nationwide Europcar Class").

53.     Alternatively, pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3) and/or (c)(4), and in the alternative to claims asserted on behalf of the Nationwide Europcar Class, Plaintiff asserts claims under the laws of Florida, and on behalf of similarly situated persons, defined as follows:

> All persons residing in Florida who (1) booked a Europcar for travel abroad and (2) were charged more for the rental than was reflected on their reservation.   (the "Statewide Europcar Class").

54.     Excluded from each of the above Classes are any of Defendants' officers, directors and board members; all persons who make a timely election to be excluded from the Class; and the judges to whom this case is assigned and their immediate family.

55.     Plaintiff hereby reserves the right to amend or modify the class definition with greater specificity or division after having had an opportunity to conduct discovery.

56.     Each of the proposed Classes meets the criteria for certification under Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3) and (c)(4).

57.     <u>Numerosity</u>. Fed. R. Civ. P. 23(a)(1).  Consistent with Rule 23(a)(1), the members of the Class are so numerous and geographically dispersed that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff believes the proposed Class comprises millions of members. Class members may be identified through objective means. Class members may be notified of the pendency of this action by

recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

58.   <u>Commonality</u>. Fed. R. Civ. P. 23(a)(2) and (b)(3).  Consistent with Fed. R. Civ. P. 23(a)(2) and with 23(b)(3)'s predominance requirement, this action involves common questions of law and fact that predominate over any questions affecting individual Class members. The common questions include:

a.   Whether Defendants failed to disclose all applicable charges and fees at the time of booking the reservation;

b.   Whether the total fees and charges offered and agreed to on the reservation summary formed a contract;

c.   Whether Defendants charged more than what was disclosed at the time of booking the reservation;

d.   Whether Defendants' practices were implemented in order to profit from Plaintiff and other members of the proposed Classes by inducing them to make a reservation under false pretenses;

e.   Whether Defendants are subject to liability for concealing material facts from Plaintiff and other members of the proposed Classes at the time of booking;

f.   Whether Defendants are subject to liability for imposing additional charges than were disclosed at the time of booking;

g.   Whether Defendants are subject to liability for forfeiting and taking Class members' money if they did not agree to pay additional charges that were not disclosed at the time of booking;

h.   Whether Defendants' conduct constituted deceptive trade practices under state law;

i.  Whether Defendants were unjustly enriched as a result of their conduct, such that it would be inequitable for Defendants to retain benefits conferred upon them by Plaintiff and other members of the proposed classes, including for any fees or charges, or portion thereof, that were represented to be pass through surcharges that Defendants retained for themselves, as well as any fees or charges paid up front, or a portion thereof, which were represented to cover taxes and fees that were subsequently charged and collected from Plaintiff and the Class by others;

j.  Whether Plaintiff and the other members of the proposed Classes were injured and suffered damages or other losses because of Defendants' behavior; and

k.  Whether Plaintiff and other members of the proposed Classes are entitled to relief.

59.     _Typicality_. Fed. R. Civ. P. 23(a)(3).  Consistent with Fed. R. Civ. P. 23(a)(3), Plaintiff's claims are typical of those of the other Class members.  Plaintiff's damages and injuries are akin to the other Class members and Plaintiff seeks relief consistent with the relief of the Class.

60.     _Adequacy_. Fed. R. Civ. P. 23(a)(4). Consistent with Fed. R. Civ. P. 23(a)(4), Plaintiff is an adequate representative of the Class because Plaintiff is a member of the Class and is committed to pursuing this matter against Defendants to obtain relief for the Class.  Plaintiff has no conflict of interest with the Class. Plaintiff's Counsel are competent and experienced in litigating class actions, including consumer litigation. Plaintiff intends to vigorously prosecute this case and will fairly and adequately protect the Class' interests.

61.     _Superiority_. Fed. R. Civ. P. 23(b)(3).  Consistent with Fed. R. Civ. P. 23(b)(3), a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The quintessential purpose of the class action mechanism is to permit litigation against

wrongdoers even when damages to individual plaintiffs may not be sufficient to justify individual litigation. Here, the damages suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense required to individually litigate their claims against Defendants, and thus, individual litigation to redress Defendants' wrongful conduct would be impracticable. Individual litigation by each Class member would also strain the court system. Individual litigation creates the potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

62.     <u>Injunctive and Declaratory Relief</u>. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) and (c). Defendants, through uniform conduct, have acted or refused to act on grounds generally applicable to the Classes as a whole, making injunctive and declaratory relief appropriate to the Class as a whole.

63.     Likewise, particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein.

64.     Finally, all members of the proposed Classes are readily ascertainable by records maintained by Defendants.  Using this information, the members of the Classes can be identified and their contact information ascertained for purposes of providing notice to the Class.

## COUNT I

## VIOLATION OF FLORIDA'S UNFAIR TRADE PRACTICES ACT,
### FLA. STAT. § 501.201, *ET SEQ.*
### (As to Advantage)

65.     Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1-64 as if fully set forth herein.

66.     At all relevant times, Plaintiff and the proposed Class Members were "consumers" within the meaning of FDUPTA.

67.     Advantage engaged in trade and commerce in Florida.

68.     Advantage engaged in unfair or deceptive acts or practices in the conduct of consumer transactions, in violation of the FDUTPA, by misrepresenting and otherwise failing to disclose the total charges to be imposed at the rental counter abroad at the time of booking the reservation.

69.     Advantage's practice is "unfair" and rendered unlawful because it tricks consumers into believing that they agreed to one price, and then coerces consumers to either "pay more or forfeiture" their reservation. Advantage's practices take advantage of consumers by forcing consumers to pay more while in a compromised and vulnerable state, and otherwise changes and attempts to add terms to extract additional dues/fees from consumers. It makes illusory promises of performance that it does not provide, thus wrongfully depriving Plaintiff and the Classes of their money and/or property.

70.     As a direct and proximate result of Advantage's violation of the FDUTPA, Plaintiff and the other members of the Classes suffered damages.

71.     Plaintiff brings this action on behalf of himself and the other similarly situated Class members for the relief requested above, and for the public benefit in order to promote the public

interests in the provision of truthful, fair information to allow consumers to make informed purchasing decisions, and to protect Plaintiff and other members of the Classes and the public from Advantage's unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and unlawful practices. Advantage's wrongful conduct as alleged in this Complaint has had widespread impact on the public at large.

72.     Plaintiff and other members of the Classes seek actual damages, injunctive, and declaratory relief under Fla. Stat. § 501.211 (2) and all fees, costs, and expenses allowed by law, including attorney's fees and costs, pursuant to Federal Rule of Civil Procedure 23 and Fla. Stat. §§ 501.2105 and 501.211, to be proven at trial.

WHEREFORE, Plaintiff and the other members of the Classes are entitled to damages and injunctive and declaratory relief against Advantage, including costs of suit and reasonable attorneys' fees.

## COUNT II

### VIOLATION OF FLORIDA'S UNFAIR TRADE PRACTICES ACT, FLA. STAT. § 501.201, *ET SEQ*.
### (As to Europcar)

73.      Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1-64 as if fully set forth herein.

74.     At all relevant times, Plaintiff and the proposed Class Members were "consumers" within the meaning of FDUPTA.

75.     Europcar engaged in trade and commerce in Florida.

76.     Europcar engaged in unfair or deceptive acts or practices in the conduct of consumer transactions, in violation of the FDUTPA, by misrepresenting and otherwise failing to disclose the total charges to be imposed at the rental counter abroad at the time of booking the

reservation, and by charging more at the rental counter than was otherwise disclosed at the time of booking.

77.     Europcar's practice is "unfair" and rendered unlawful because it tricks consumers into believing that they agreed to one price, and then coerces consumers to either "pay more or forfeiture" their reservation. Europcar's practices take advantage of consumers by forcing consumers to pay more while in a compromised and vulnerable state, and otherwise changes and attempts to add terms to extract additional dues/fees from consumers. It makes illusory promises of performance that it does not provide, thus wrongfully depriving Plaintiffs and Class of their money and/or property.

78.     As a direct and proximate result of Europcar's violation of the FDUTPA, Plaintiff and the other members of the Classes suffered damages.

79.     Plaintiff brings this action on behalf of himself and the other similarly situated Class members for the relief requested above, and for the public benefit in order to promote the public interests in the provision of truthful, fair information to allow consumers to make informed purchasing decisions, and to protect Plaintiff and other members of the Classes and the public from Europcar's unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and unlawful practices. Europcar's wrongful conduct as alleged in this Complaint has had widespread impact on the public at large.

80.     Plaintiff and other members of the Classes seek actual damages, injunctive, and declaratory relief under Fla. Stat. § 501.211 (2) and all fees, costs, and expenses allowed by law, including attorney's fees and costs, pursuant to Federal Rule of Civil Procedure 23 and Fla. Stat. §§ 501.2105 and 501.211, to be proven at trial.

WHEREFORE, Plaintiff and the other members of the Classes are entitled to damages and injunctive and declaratory relief against Europcar, including costs of suit and reasonable attorneys' fees.

## COUNT THREE:
## <u>BREACH OF CONTRACT</u>
### (As to Advantage)

81.     Plaintiff incorporates and re-alleges each and every allegation contained within paragraphs 1 through 64, as though same were more fully set forth herein.

82.     Plaintiff and the Classes, and Advantage entered in to a contract, whereby Plaintiff and the Classes promised to pay Advantage the total charges shown in their respective reservation summaries, and Advantage promised to perform and otherwise provide the advertised car at the agreed to price. Plaintiff's reservation summary and price confirmation memorializing the contract is below for demonstrative purposes:



83.     Advantage breached the contract by failing to provide a rental car at the agreed to price reflected in Plaintiff and the Classes reservation summaries.

84.     Plaintiff has satisfied all conditions precedent required prior to bringing this action.

85.     Advantage's breach is the legal and proximate cause of the loss, injury, and damage to Plaintiffs.

86.     Plaintiff have suffered damages, as set forth above.

WHEREFORE, Plaintiff and the Classes demand judgment for damages against Advantage, including all costs associated with prosecuting this matter, prejudgment interest, and attorney's fees if so warranted, and such further relief as this Court deems just and proper.

**COUNT FOUR:**
**BREACH OF CONTRACT**
**(As to Europcar)**

87.     Plaintiff incorporates and re-alleges each and every allegation contained within paragraphs 1 through 64, as though same were more fully set forth herein.

88.     Plaintiff and the Classes, and Europcar entered in to a contract, whereby Plaintiff and the Classes promised to pay Europcar the total charges shown in their respective reservation summaries, and Europcar promised to perform and otherwise provide the advertised car at the agreed to price.  Plaintiff's reservation summary and price confirmation memorializing the contract is below for demonstrative purposes:

89.     Europcar, by virtue of its strategic partnership and relationship with Advantage, as set forth in the Complaint, is considered a party to the reservation agreement booked though Defendants' joint webpage.

90.     Moreover, irrespective of whether the reservation was booked and confirmed through Advantage's website or any other platform, Plaintiff's and the Classes' rental confirmation agreements forming the basis of the contractual breach at issue here were identical or functionally identical in their material terms in that they all offered and confirmed a price that was less than, and that did not include, the additional charges and terms consumers were required to pay for and agree to at the time they picked up the vehicle abroad; and said prices are dictated by Europcar.

91.     In addition to the allegation in the preceding paragraph, or as an alternative to those allegations, Europcar was an intended third-party beneficiary of the contract, for which it knew about and reaped the benefits from.

92.     Europcar breached the contract by failing to provide a rental car at the agreed to price reflected in Plaintiff and the Classes reservation summaries.

93.     Plaintiff has satisfied all conditions precedent required prior to bringing this action.

94.     Europcar's breach is the legal and proximate cause of the loss, injury, and damage to Plaintiffs.

95.     Plaintiff have suffered damages, as set forth above.

WHEREFORE, Plaintiff demands judgment for damages against Europcar, including all costs associated with prosecuting this matter, prejudgment interest, and attorney's fees if so warranted, and such further relief as this Court deems just and proper.

## COUNT FIVE:
## <u>UNJUST ENRICHMENT</u>
### (As to Advantage)

96.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs numbered 1 through 64, as if fully set forth herein.

97.     Plaintiff bring this count in the alternative to any remedies at law Plaintiff and the Classes may be entitled, and to the extent that Advantage contends or the Court finds that no contract was formed between it and Plaintiff and/or to the extent that Advantage contends or the Court finds that any applicable contract is silent or does not control the conduct at issue in this litigation.

98.     Advantage's practices described above resulted in Plaintiff and the Classes being subjected to compelled charges, resulting in Advantage confiscating additional money from Plaintiff and the Classes without having to provide additional services in return as a means to generate unfair profits, including for any fees or charges, or portion thereof, that were represented to be pass through surcharges that Defendants retained for themselves, as well as any fees or charges paid up front, or a portion thereof, which were represented to cover taxes and fees that were subsequently charged and collected from Plaintiff and the Class by others.

99.     The monies paid by Plaintiffs and the Classes to Advantage conferred substantial benefits  upon Advantage.

100.    Advantage knew of the benefits conferred upon it by Plaintiff and the Classes.

101.    Advantage appreciated the benefits conferred upon it by Plaintiff and the Classes.

102.    Advantage accepted the benefits conferred upon it by Plaintiff and the Classes.

103.    Advantage retained the benefits conferred upon it by Plaintiff and the Classes.

104.    By reason thereof, Advantage was unjustly enriched.

105.    Plaintiff and the Classes sustained actual damages, as described above.

WHEREFORE, Plaintiff demands judgment for damages against Advantage, including all costs associated with prosecuting this matter, prejudgment interest, and attorney's fees if so warranted, and such further relief as this Court deems just and proper.

**COUNT SIX:**
**UNJUST ENRICHMENT**
**(As to Europcar)**

106.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs numbered 1 through 64, as if fully set forth herein.

107.    Plaintiff brings this count in the alternative to any remedies at law Plaintiff and the Classes may be entitled, and to the extent that Europcar contends or the Court finds that no contract was formed between it and Plaintiff and/or to the extent that Europcar contends or the Court finds that any applicable contract is silent or does not control the conduct at issue in this litigation.

108.    Europcar's practices described above resulted in Plaintiff and the Classes being subjected to compelled charges, resulting in Europcar confiscating additional money from Plaintiff and the Classes without having to provide additional services in return as means to generate unfair profits, including for any fees or charges, or portion thereof, that were represented to be pass through surcharges that Defendants retained for themselves, as well as any fees or charges paid up front, or a portion thereof, which were represented to cover taxes and fees that were subsequently charged and collected from Plaintiff and the Class by others.

109.    The monies paid by Plaintiffs and the Classes to Europcar conferred substantial benefits upon Advantage.

110.    Europcar knew of the benefits conferred upon it by Plaintiff and the Classes.

111.    Europcar appreciated the benefits conferred upon it by Plaintiff and the Classes.

112.    Europcar accepted the benefits conferred upon it by Plaintiff and the Classes.

113.    Europcar retained the benefits conferred upon it by Plaintiff and the Classes.

114.    By reason thereof, Europcar was unjustly enriched.

115.    Plaintiff and the Classes sustained actual damages, as described above.

WHEREFORE, Plaintiff demands judgment for damages against Europcar, including all costs associated with prosecuting this matter, prejudgment interest, and attorney's fees if so warranted, and such further relief as this Court deems just and proper.

**COUNT SEVEN:**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**(As to Advantage)**

116.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs numbered 1 through 64, as if fully set forth herein.

117.    The prices and charges set forth in the reservation agreements between Plaintiff and the Classes and Advantage constitutes a written contract.

118.    The reservation agreement contains as a matter of law an implied covenant of good faith and fair dealing to deal honestly.

119.    Plaintiff and the Classes paid, or agreed to pay, Advantage money for a rental car that was not provided at the agreed upon price, and for which Advantage charged and attempted to charge additional fees over and above the agreed upon price.

120.    In the alternative to Plaintiff's other pleaded causes of actions, the reservation agreement is ambiguous about the total charges to be applied in exchange for the car rental.

121.    Advantage, through a conscious and deliberate effort, failed to perform its contractual duties by wrongfully drafting the rental agreement to improperly impose additional fees and charges after the fact, and to not provide the contracted for rental unless Plaintiff and the

Classes paid more than they bargained for. This unfairly frustrates the contract's purpose and disappointed Plaintiff's and the Classes' expectations.

122.    Advantage instituted its scheme as a method to bait and secure customers under false presentences, and then to compel additional charges and fees as a means to unjustly increase revenue without having to provide additional services in return.

123.    Advantage's practices are unconscionable because (1) the additional fees and charges imposed abroad is a "take it that day or leave it contract," thus constituting a contract of adhesion, with no opportunity for bargaining, presented while Plaintiff and Class members are in a compromised state; (2) Advantage has systematic practices of failing to disclose all charges and fees that will be imposed abroad at the time it secures the reservations; and (3) they are against the public policy of the State of Florida and every other State of the United States, as they lack mutuality, are completely one-sided in favor of Advantage and shock the conscience.

124.    Advantage's breach deprived Plaintiff and the Classes of the agreed upon benefit at the agreed upon price.

125.    No additional conditions besides payment of total disclosed reservation charges should have been required of Plaintiff and the Classes for Advantage to perform the contracted services for Plaintiff and the Classes (i.e. provide a rental car at the agreed upon rate).

126.    Advantage's practices interfere with and frustrates Plaintiff's and the Classes' ability to use the benefit of their car rental and the agreed upon price and otherwise disappointed Plaintiff's and the Classes' expectations.

127.    Advantage is required to construe the reservation agreement in a manner that avoids the compelled consumers to choose between paying more or forfeiting their reservation.

128.    Advantage's practices alleged herein constitute a failure or refusal to discharge its

contractual responsibilities, that were not prompted by an honest mistake, bad judgment, or negligence, but rather by a conscious and deliberate act, which unfairly frustrated the agreed common purpose of the contract and disappointed the reasonable expectation of Plaintiff and members of the Classes. Advantage was and is aware of consumer complaints and frustration regarding its practice, yet it continued its practice.

129.     As a direct and proximate result of Advantage's breaches of the implied covenant of good faith and fair dealing, Plaintiff and each member of the Classes have sustained losses, costs, damages and substantial expenses in an amount to be proved at the trial of this matter.

WHEREFORE, Plaintiff demands judgment for damages against Advantage, including all costs associated with prosecuting this matter, prejudgment interest, and attorney's fees if so warranted, and such further relief as this Court deems just and proper.

**COUNT EIGHT:**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**(As to Europcar)**

130.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs numbered 1 through 64, as if fully set forth herein.

131.     The prices and charges set forth in the reservation agreements between Plaintiff and the Classes and Europcar constitutes a written contract.

132.     Europcar, by virtue of its strategic partnership and relationship with Advantage, as set forth in the Complaint, is considered a party to the reservation agreement booked though Defendants' joint webpage. At a minimum, Europcar was an intended third-party beneficiary of the contract and rental contracts through other rental portals, for which it knew about and reaped the benefits from

133.     The reservation agreements contain as a matter of law an implied covenant of good

faith and fair dealing to deal honestly.

134.    Plaintiff and the Classes paid, or agreed to pay, Europcar money for a rental car that was not provided at the agreed upon price, and for which Europcar charged and attempted to charge additional fees over and above the agreed upon price.

135.    In the alternative to Plaintiff's other pleaded causes of actions, the reservation agreement is ambiguous about the total charges to be applied in exchange for the car rental.

136.    Europcar, through a conscious and deliberate effort, failed to perform its contractual duties by wrongfully construing the rental agreements to improperly impose additional fees and charges after the fact, and to not provide the contracted for rental unless Plaintiff and Class paid more than they bargained for. This unfairly frustrates the contract's purpose and disappointed Plaintiff's and the Classes' expectations.

137.    Europcar instituted its scheme as a method to bait and secure customers under false presentences, and then to compel additional charges and fees as a means to unjustly increase revenue without having to provide additional services in return.

138.    Europcar's practices are unconscionable because (1) the additional fees and charges imposed abroad is a "take it that day or leave it contract," thus constituting in  a contract of adhesion, with  no  opportunity for bargaining, presented while Plaintiff and Class members are in a compromised state;  (2) Europcar has systematic practices of failing to disclose all charges and fees that will be imposed abroad at the time it secures the reservations; and (3) they  are  against the public  policy  of the  State  of  Florida and every other State of the United States, as they lack mutuality, are  completely one-sided in favor of Europcar and shock the conscience.

139.    Europcar's breach deprived Plaintiff and the Classes of the agreed upon benefit at the agreed upon price.

140.     No additional conditions besides payment of the total disclosed reservation charges should have been required of Plaintiff and the Classes for Europcar to perform the contracted services for Plaintiff and the Classes (i.e. provide a rental car at the agreed upon rate).

141.     Europcar's practices interferes with and frustrates Plaintiff's and the Classes' ability to use the benefit of their car rental and the agreed upon price and otherwise disappointed Plaintiff's and the Classes' expectations.

142.     Europcar is required to construe the reservation agreement in a manner that avoids the compelled consumers to choose between paying more or forfeiting their reservation.

143.     Europcar's practices alleged herein constitute a failure or refusal to discharge its contractual responsibilities, that were not prompted by an honest mistake, bad judgment, or negligence, but rather by a conscious and deliberate act, which unfairly frustrated the agreed common purpose of the contract and disappointed the reasonable expectation of Plaintiff and members of the Classes. Europcar was and is aware of consumer complaints and frustration regarding its practice, yet it continued its practice.

144.     As a direct and proximate result of Europcar's breaches of the implied covenant of good faith and fair dealing, Plaintiff and each member of the Classes have sustained losses, costs, damages and substantial expenses in an amount to be proved at the trial of this matter.

WHEREFORE, Plaintiff demands judgment for damages against Europcar, including all costs associated with prosecuting this matter, prejudgment interest, and attorney's fees if so warranted, and such further relief as this Court deems just and proper.

**<u>REQUEST FOR RELIEF</u>**

**WHEREFORE**, Plaintiff, individually and on behalf of all members of the proposed Classes in this Amended Complaint, respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

A.      For an Order certifying the Classes, as defined herein, and appointing Plaintiff and his Counsel to represent the Nationwide Classes, or in the alternative the Statewide Classes;

B.      For an award of damages, as allowed by law in an amount to be determined;

C.      For an award of attorneys' fees, costs and litigation expenses, as allowable by law;

D.      For prejudgment interest on all amounts awarded; and

E.      Such other and further relief as this court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Dated: July 12, 2021**

*/s/ Joshua H. Eggnatz*
Joshua H. Eggnatz, Esq.
Fla. Bar No.: 0067926
Michael J. Pascucci, Esq.
Fla. Bar No.: 83397
**EGGNATZ | PASCUCCI**
7450 Griffin Rd. Suite 230
Davie, FL 33314
Tel: (954) 889-3359
Fax: (954) 889-5913
JEggnatz@JusticeEarned.com
MPascucci@JusticeEarned.com

**SALPETER GITKIN, LLP**
James P. Gitkin, Esq.
Fla. Bar No. 570001
3864 Sheridan Street
Hollywood, FL 33021
Telephone: (954) 467-8622
Facsimile: (954) 467-8623
jim@salpetergitkin.com

*Attorneys for Plaintiff and the Classes*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by transmission of Notice of Electronic Filing generated by CM/ECF or in some authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing, on July 12, 2021 on all counsel or parties of record on the service list.

*/s/ Joshua Harris Eggnatz*

Joshua Harris Eggnatz, Esquire

## <u>SERVICE LIST</u>

Henry H. Bolz, IV, Esquire
Florida Bar No. 043350
POLSINELLI PC
1111 Brickell Avenue, Suite 2800
Miami, FL  33131
Tel.:  305-921-1811
Fax:  305-675-7760
hbolz@polsinelli.com

*Counsel for Defendant Europcar*